IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, as subrogee of BLUEOAK
ARKANSAS LLC                                                                                    PLAINTIFF

V.                                    NO. 3:17-cv-00300-BSM

RHI US LTD.; RHI AG and
RHI MAGNESITA NV                                                                              DEFENDANTS

## AGREED PROTECTIVE ORDER

Now before this Court is the Agreed Protective Order of the parties to this action. After considering the stipulations of the Plaintiff and Defendants, the Court hereby approves and enters the following Stipulated Protective Order ("Order"), which shall govern the handling of certain documents, written discovery, and testimony obtained by the parties in connection with this action:

1. In connection with discovery proceedings in this action, the parties or any non-party from whom documents were subpoenaed may designate any document, thing, testimony or other information derived therefrom as "Confidential," as governed by this Order. For purposes of this Order, "confidential information" is information which concerns or relates to financial and sales information, identification of customers, inventories, amount or source of income, profits, losses, investments, costs, or expenditures, accounting, marketing, the processes or operations of confidential and proprietary business, trade secrets, product design information, product testing information, or other technical information, the disclosure of which information may have the

1

effect of causing annoyance, embarrassment, oppression, undue burden, or harm to the financial or competitive position of the person or entity from which the information was obtained.

2. "Confidential" as used herein means any type or classification or form of information (oral, written, magnetic, electronic or otherwise) which is designated under this Order as "Confidential," "Subject to Protective Order," or similar designation (hereinafter referred to as "confidential") by the producing party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or in a response to a request for admission, information obtained from inspection of premises or things, or otherwise.

3. All parties and persons to whom confidential information and/or documents are disclosed are authorized only to use such information and documents in connection with this action and are precluded from disclosing the information or documents to any other person except as specifically provided herein. No person receiving or reviewing such confidential information shall disclose it or its contents to any person other than those authorized by this Order and for the purposes specified in this Order. A breach of the Agreed Protective Order may be punishable as a contempt of this Court.

4. Any party may object to the designation of particular discovery material as confidential by giving written notice to the party making the designation and to all other parties. Such notice shall identify with specificity the discovery material to which the objection is directed and the basis of the objection. If there is dispute, it shall be the obligation of the party objecting to the designation to file an appropriate motion requesting *in camera* review and a ruling by the Court that the disputed discovery material be designated as confidential. The party making the designation or any other party shall then file opposition papers in support of the

designation. The disputed discovery material shall be treated as originally designated pending a ruling from the Court. In any proceeding under this paragraph, the party making the designation shall have the burden of proof that the challenged discovery material is entitled to the protection of this Order.

5. Nothing in this Order shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of litigation in this action, regardless of whether such material is also obtained through discovery in this action, or from disclosing its own confidential material it deems appropriate.

6. Should any party to this litigation obtain documents from a third-party/non-party, by subpoena or otherwise, which contain confidential information previously designated as such by another party to this litigation, such documents shall be treated by the receiving party as confidential under this Order, unless otherwise expressly released in writing by the party which is the owner or subject of such confidential information. If any party is the owner or subject of confidential information obtained by any other party from a third-party/non-party, by subpoena or otherwise, that has not previously been designated as confidential information, the party which is the owner or subject of such confidential information may designate the documents or other information as confidential within a reasonable time of learning of its production. The third-party/non-party may designate documents or other information as confidential and shall be entitled to all the protections of this Order.

7. Confidential documents shall be designated by stamping "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or similar designation on the copies of the document produced. Stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing

party. The physical labeling of any document permitted by this Order will not be done in any manner that obstructs the reading of the document or impairs the reading of any such document when duplicated by any conventional duplicating process.

8. To facilitate the inspection of large volumes of documents without the need to first affix a confidential designation to the face of each, the producing party may, at its option, permit counsel for the receiving party to initially inspect the documents for the purpose of designating those to be copied, and the producing party need only thereafter affix said designation to the copies of the documents designated to be copied. In this event, the receiving party will treat any information learned in its initial inspection which is not contained in the copied documents as being designated confidential. In the event that at the time a document is produced the designation confidential is lacking, and it is later determined, in good faith, that such a designation should have appeared on the document, the producing party may restrict future disclosure of the document, consistent with this Order, by notifying the receiving party in writing of the change in or addition of a restrictive designation. The notice shall include a description of the document and the designation under which future disclosure of the documents is to be governed.

9. Testimony taken at a deposition, conference, hearing or other proceeding may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing the proceeding to separately bind such portion of the transcript containing information designated as confidential and to label such portion appropriately. Upon oral objection by any other party in the course of a deposition, conference, hearing or other proceeding as to the confidential nature of the testimony, the party objecting to the designation may file an

appropriate motion requesting *in camera* review and a ruling by the Court that the disputed discovery material be designated as confidential within ten (10) days of the completion of the testimony and prior to the completion of the testimony transcript. The party making the designation or any other party shall then file opposition papers in support of the designation.

10. Material designated as confidential under this Order, the information contained in the material, and any summaries, copies, abstracts, or other documents derived in whole or in party from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

11. Except with prior written consent of counsel for the parties or prior order of the Court, confidential information subject to this Agreed Protective Order shall only be disclosed as follows:

(a) the named parties in this litigation who have consented to this Order;

(b) trial counsel of record for the parties to this action who have consented to this Order;

(c) attorney, paralegal, secretarial, administrative, and legal personnel working on the action under the direction and control of the trial counsel to this action and who have consented to this Order;

(d) insurance adjusters, managers, or other representatives of a party's insurer, to the extent that such insurer is assisting in the prosecution or defense of this action;

(e) employees, officers, and directors of each receiving party to the extent that such person(s) are assisting in the prosecution or defense of this action, provided such persons have consented to be bound by this Order;

(f) expert witnesses or consultants engaged by a party to assist in the prosecution or defense of the action, provided such persons have consented to be bound by this Order;

(g) the Court and Court personnel subject to such safeguards as the Court may deem necessary;

(h) non-party witnesses and their counsel only to the extent disclosure is necessary for their testimony, provided such persons sign the acknowledgement, attached as Exhibit "A," which states that he or she received and read this Order and agrees to be bound by the terms hereof. The acknowledgment shall promptly be served upon the party designating the document as confidential material. The party which intends to disclose confidential information to a non-party or witness shall request that the non-party or witness sign the Acknowledgment attached as Exhibit "A" at least 20 days prior the date of likely disclosure and at the same time provide such notice to the party whose confidential information is the subject of the anticipated disclosure. Should any non-party or witness not sign the Acknowledgement within 10 days from being requested to do so, the party's whose confidential information is the subject of the anticipated disclosure may petition the Court for an appropriate Order requiring such non-party's or witness' compliance with this Protective Order or ensuring the continued protection of the confidential information. If the party whose confidential information is the subject of the anticipated disclosure does not seek the Court's intervention as provided herein, the party which intends to disclose confidential information to a non-party or witness is free to do so; and

(i) if any party wishes to disclose any material designated as "Confidential" to any persons not referred to in this Order, he or she may seek written permission from the producing party or the Court.

12. At the conclusion of this litigation, the parties and their counsel shall, upon request, return to counsel for the disclosing party all documents and items which are confidential and supplied subject to this Order, as well as any copy notes or record of confidential information supplied by the disclosing party subject to this Order, including copies supplied to experts, consultants, or witnesses.

13. If confidential material, including any portion of a deposition transcript designated as confidential is included in any papers to be filed in court, such papers shall be labeled "Confidential-Subject to Court Order" and filed under seal until further order of this Court.

14. If any confidential material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

15. This Order shall be without prejudice to the right of the parties:

(a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; or

(b) to present a motion to the Court under Rule 26 of the Federal Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way from future application for a modification of this Order.

16. Should any information designated as confidential material be disclosed, through inadvertence or otherwise, to any person not authorized to receive the same under this Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order. Specifically, the disclosing party shall:

(a) promptly inform such person of all provisions of this Order;

(b) identify such person immediately to the party that designated the document as confidential; and

(c) request such person to sign the acknowledgment, attached as Exhibit "A," which states that they received and read this Order and agree to be bound by the terms hereof. The acknowledgement shall promptly be served upon the party designating the document as confidential material.

17. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without unnecessarily involving the Court in the process. This Order will not enlarge or affect the proper scope of discovery in this action, nor will this Agreed Protective Order imply that any product of discovery designated as confidential material under the terms of this Order is properly discoverable, relevant, or admissible in this action. Nothing in the Order will be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege, the attorney work-product privilege, materials prepared in anticipation of litigation, or any other privilege. This Agreed Protective Order will not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence. Designation of any information as subject to this Order shall have no meaning or affect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of any party hereto.

18. This Order shall survive the final termination of this action to the extent that the information contained in confidential material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information

disclosed under this Order. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material, and deposition transcripts designated as confidential and all copies of the same, or shall certify the destruction thereof.

19. This Order may be amended without leave of Court by agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

20. The treatment of confidential information to be introduced at trial shall be the subject of a later Order as will be determined by the Court at a later date.

21. Nothing in this Order will be interpreted to prohibit or prevent the producing party in its use of its own confidential material.

22. In the event additional parties join or are joined in this action, they shall not have access to confidential material until the newly joined party, or its trial counsel of record, has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Agreed Protective Order.

23. This Order is binding upon the parties in the above styled cause, the attorneys for each party and upon any recipient of confidential materials and upon any successor, executor, personal representative, administrator, heir, legal representative, assign, subsidiary, division, employee, agent, independent contractor, or other person or legal entity over which any party or attorney or recipient of confidential materials may have control.

IT IS SO ORDERED.

_____
HONORABLE BRIAN S. MILLER

DATED: ___July 6, 2018___

STIPULATED, AGREED AND APPROVED:


 /s/ *Jay M. Goldstein*
Albert S. Nalibotsky
Jay M. Goldstein
SALTZ MATKOV PC
One Morrocroft Centre
6805 Morrison Blvd., Ste. 470
Charlotte, NC 28211
*Attorneys for Plaintiff*


 /s/ *M. Evan Stallings*
John S. Cherry, Jr.
M. Evan Stallings
BARBER LAW FIRM PLLC
425 W. Capitol Ave.
3400 Simmons Tower
Little Rock, AR 72201
*Attorneys for Defendants*

# EXHIBIT A

## LIMITED SPECIAL APPEARANCE AND
## AGREEMENT FOR ACCESS TO CONFIDENTIAL DOCUMENTS

I hereby acknowledge and affirm that I have read the terms and conditions of the Agreed Protective Order entered by the Court in the action styled <u>Liberty Mutual, as subrogee of BlueOak Arkansas LLC v. RHI US Ltd.; RHI AG and RHI Magnesita NV</u>, United States District Court for the Eastern District of Arkansas Case No. 3:17-cv-00300-BSM.

I have read the Agreed Protective Order, and will hold in confidence, will not disclose to anyone not qualified under the Agreed Protective Order, and will use only for purposes of this action, any material designated as confidential that is disclosed to me.

Further, by executing this Limited Special Appearance and Agreement for Access to Confidential Documents, I hereby consent to the jurisdiction of the above captioned Court for the special and limited purpose of enforcing the terms of the Court's Agreed Protective Order. I recognize that any breach of the Agreed Protective Order may be punishable as a contempt of court.

_____
[Signature]

Printed Name: _____

SWORN TO AND SUBSCRIBED before me on this the \_\_\_\_\_ day of _____, 201\_\_\_.

_____
Notary Public
My Commission expires:
_____